Filed 8/5/22 P. v. Kim CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAVE DAE HONG KIM,<br><br>    Defendant and Appellant. | G059338<br><br>(Super. Ct. No. 08NF1399)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge. Reversed and remanded with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Steve Oetting, and Arlene A. Sevidal, Assistant Attorneys General, Lynne G. McGinnis and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, Dave Dae Hong Kim was convicted of premeditated attempted murder based on a gang assault involving multiple individuals. The natural and probable consequences doctrine was at issue at trial. In 2020, Kim filed a petition for resentencing under former Penal Code section 1170.95,[1] enacted by Senate Bill No. 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder." (Stats. 2018, ch. 1015, § 1, subd. (f).)

The trial court denied Kim's petition without appointing counsel because Kim was convicted of attempted murder. Former section 1170.95, as originally formulated, did not apply to attempted murder. We affirmed Kim's appeal of the denial with directions to correct clerical errors in Kim's abstract of judgment.

The California Supreme Court granted review but deferred further action. It then issued *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), which focused on the procedural aspects of former section 1170.95. In response, the Legislature amended the statute through Senate Bill No. 775 (SB 775). The amendment codified *Lewis's* holdings and extended resentencing benefits to persons convicted of "attempted murder under the natural and probable consequences doctrine." (Stats. 2021, ch. 551, §§ 1 and 2.) The California Supreme Court then ordered this court to reconsider the cause given SB 775's passage. The Legislature then renumbered former section 1170.96 to section 1172.6, without any change to the statutory text. (Stats. 2022, ch. 58, § 10.)

The parties agree the trial court's denial of Kim's petition should be reversed and remanded for further proceedings in light of *Lewis* and section 1172.6. As a separate issue, the parties also agree the abstract of judgment should be modified to correctly reflect Kim's parole eligibility date and presentence credits. We agree and reverse and remand with directions.

---

[1] Section 1170.95 was subsequently renumbered to section 1172.6, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code.

2

FACTS

We presented a detailed summary of the facts in our earlier opinion affirming Kim's convictions. (*People v. Kim* (Sept. 20, 2010, G042216) [nonpub. opn.].) In short, the evidence showed that in March 2008, then 16-year-old Kim and one or two other individuals attacked a group of people at a park with weapons. The attack resulted in injuries to one man who was hit with a bat, and another man who was hit with a bat and stabbed multiple times. At trial, the prosecutor presented evidence Kim admitted stabbing the victim, but also argued during closing arguments that Kim could be convicted for attempted murder based on the natural and probable consequences doctrine.

The trial court instructed the jury on the natural and probable consequences doctrine and, during deliberations, the jury asked the court a question about the doctrine. The jury convicted Kim of premeditated attempted murder (§§ 664, subd. (a), and 187, subd. (a)), aggravated assault (§ 245, subd. (a)(1)), felony vandalism (§ 594, subd. (a), (b)(1)), and active participation in a criminal street gang (§ 186.22, subd. (a)). It also found Kim committed his crimes in association with a gang (§ 186.22, subd. (b)(1)), and his victim suffered great bodily injury (§ 12022.7, subd. (a)).

The trial court imposed an indeterminate life sentence for the attempted murder conviction, with a 15-year minimum sentence before Kim was eligible for parole. The court also imposed a 10-year prison term for Kim's gang association and three years for the great bodily injury enhancement. The court stayed or imposed concurrent sentences for Kim's other convictions and he appealed.

We affirmed Kim's convictions, but struck the 10-year gang enhancement and stayed a concurrent prison term for active gang participation. We instructed the trial court to prepare an amended abstract of judgment.

Following SB 1437's enactment in 2018, Kim petitioned the trial court for resentencing under former section 1170.95, alleging he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine." The court denied

3

the petition, finding Kim had "not set forth a prima facie case for relief under [section 1170.95]." The court explained: "A review of court records indicates defendant [Kim] is not eligible for relief under the statute because the defendant does not stand convicted of murder or defendant's murder conviction(s) is not based on felony-murder or on a natural and probable consequences theory of vicarious liability for aiders and abettors."

We applied a plain language reading of former section 1170.95, as it existed at the time, to affirm the summary denial, concluding the statute did not apply to attempted murder convictions. (*People v. Kim* (May 12, 2021, G059338) [nonpub. opn.].) The California Supreme Court granted Kim's petition for review, but deferred further action pending its disposition of *People v. Lopez* (*Lopez*), S258175, Supreme Court Minute November 13, 2019 (to decide issues about attempted murder liability, including whether SB 1437 covered attempted murder convictions).

Before the Supreme Court heard oral arguments on *Lopez,* SB 775 was enacted by the Legislature and signed into law by the Governor in October 2021 (2020-2021 Reg. Sess.); SB 775 amended section 1170.95. The bill explicitly extended resentencing benefits to persons convicted of "attempted murder under the natural and probable consequences doctrine" (Stats. 2021, ch. 551, § 2) and codified "the holdings of [*Lewis*] regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case" (*id.*, § 1, subd. (b)) for resentencing and to explicitly apply to convictions for "attempted murder . . . under . . . the natural probable consequences doctrine" (*id.*, § 1, subd. (a)). The high court then transferred the matter back to this court with instructions to vacate our 2021 opinion and reconsider the matter in light of SB 775's passage. The parties have filed supplemental briefing agreeing this matter should be reversed and remanded to the trial court for further proceedings controlled by what is now section 1172.6.

4

## DISCUSSION

### I. *Resentencing Petition*

We review de novo the application of section 1172.6 to undisputed facts about the trial court's summary denial of Kim's resentencing petition. (See *People v. Pacheco* (2022) 76 Cal.App.5th 118, 123.) The statute specifies that a "person convicted of . . . attempted murder under the natural and probable consequences doctrine . . . may file a petition . . . when all of the following conditions apply: [¶] (1) [an] information . . . was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial[;] [¶] [and] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a).) The petition should also include the case number, year of conviction, and state whether the petitioner requests appointment of counsel. (*Id.*, subd. (b)(l)(B), (C).)

The *Lewis* court ruled that "upon the filing of a facially sufficient [section 1172.6] petition"—i.e., one that complies with the requirements just noted—the trial court must appoint counsel if requested. (*Lewis, supra*, 11 Cal.5th at pp. 957, 960, 970.) Not appointing requested counsel for a facially sufficient petition is subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis, supra*, 11 Cal.5th at p. 973.) After counsel is given an "opportunity to submit [timely] briefing[ ]," the court should then decide if a prima facie showing of entitlement to resentencing benefits has been made. (§ 1172.6, subd. (c).)

Unless "'the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition,"'" if the "'"petitioner's factual allegations [taken] as true"'" show entitlement to resentencing benefits (*Lewis, supra*, 11 Cal.5th at p. 971), the court must issue an order to show cause (§ 1172.6, subd. (c)) and "hold a hearing to determine whether to vacate the . . . attempted murder . . . conviction and to

5

recall the sentence and resentence the petitioner . . ." (*id.*, subd. (d)(1)). At the hearing, the burden shifts to the prosecutor to "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189." (*Id.*, subd. (d)(3); see *People v. Pacheco, supra*, 76 Cal.App.5th at pp. 124, 128, fn. 3; see also § 1172.6, subd. (d)(2) [certain prior findings by court or jury can mandate resentencing].)

Section 1172.6's plain language, retroactively applied[2] to the undisputed facts of this appeal, shows Kim's resentencing petition is not subject to summary denial. Kim has filed a facially sufficient petition and the record—which includes a jury instruction and deliberation question about the natural and probable consequences doctrine—does not foreclose the applicability of SB 775. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 676-677 [record of conviction for determining prima facie showing may include jury instructions under which petitioner convicted].) We agree with the parties Kim is entitled to appointed counsel before the trial court determines whether a prima facie showing of entitlement to resentencing benefits has been made.

II. *Amended Abstract of Judgment Clerical Errors*

As a separate issue, Kim and the Attorney General agree two clerical errors on both the determinate and indeterminate abstracts of judgment must be corrected. First, Kim correctly notes that after this court disposed of his direct appeal, the trial court failed to include in its November 2010 amended abstract of judgment the intervening 549 days he had served in prison since the court's initial judgment in June 2009. Accordingly, a second amended abstract of judgment should be issued to correctly incorporate Kim's custody credits, which the parties agree was 986 days as of November 8, 2010. The second amended abstract of judgment should also account for whatever additional time Kim has served. (§ 2900.5, subd. (d).)

---

[2] We agree with the parties that SB 775's amendments apply to this appeal. (See *People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.)

Kim also correctly notes that paragraph 11 on the second page of the trial court's 2010 amended abstract of judgment incorrectly reflects he will be eligible for parole after 28 years of imprisonment, instead of the correct 18 years. Accordingly, in addition to correcting Kim's custody credits, a second amended abstract of judgment should also correctly reflect Kim's minimum parole eligibility date. Nothing in this subsection of discussion should be understood as relating to our separate discussion about Kim's resentencing petition based on section 1172.6.

## DISPOSITION

Our prior opinion in this matter is vacated and superseded by this opinion. The trial court's July 1, 2020, order denying Kim's resentencing petition is reversed and the matter is remanded for further proceedings. On remand, the trial court is directed to appoint counsel for Kim and conduct further proceedings consistent with this opinion and section 1172.6. As a separate issue, the clerk of the trial court is also directed to prepare a corrected abstract of judgment consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation, Division of Adult Operations.



O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


7